# EXHIBIT H

1

JOANNA E. MACMILLAN (SBN 281891)
jmacmillan@constangy.com

2

**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**

3

2029 Century Park East, Suite 1100
Los Angeles, California 90067

4

Telephone: (310) 909-7775
Facsimile: (424) 465-6630

5

6

Attorney for Defendant
UNION PACIFIC RAILROAD

7

8

9

10

11

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12

**FOR THE COUNTY OF SAN BERNARDINO**

13

14

JOHN ELLSON, an individual,

15

         Plaintiff,

16

    vs.

17

UNION PACIFIC RAILROAD, a Delaware
corporation; and DOES 1-50,

18

19

         Defendant.

20

21

22

23

24

25

26

27

28

Case No. CIVSB2213616

[ASSIGNED FOR ALL PURPOSES TO JUDGE
DONALD ALVAREZ, DEPT. S23]

**NOTICE TO THE CLERK OF THE SUPERIOR
COURT AND PLAINTIFF JOHN ELLSON OF
REMOVAL OF CIVIL ACTION TO FEDERAL
COURT**

Removal Date:    October 7, 2022
Complaint Filed: June 30, 2022
Trial Date:      None Set

---

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JOHN ELLSON AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Union Pacific Railroad ("Defendant" or "UPRR"), by and through its attorneys of record, Constangy, Brooks, Smith & Prophete LLP, filed a Notice of Removal of this action in the United States District Court for the Central District of California on October 7, 2022. A true and correct copy of the Notice of Removal and accompanying declarations in support thereof is attached hereto as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal with the United States District Court, together with the filing of a copy thereof with this Superior Court and the filing of a Notice of Stay of Proceeding, shall effect the removal of this action and this Superior Court may proceed no further unless and until the action is remanded.

PLEASE TAKE FURTHER NOTICE that Plaintiff will be served with copies of notices and papers provided to Defendant by the United States District Court upon filing their Notice of Removal, which are required to be served upon Plaintiff.

DATED: October 10, 2022          **CONSTANGY, BROOKS, SMITH & PROPHETE LLP**

By: _____
　　　Joanna E. MacMillan
　　　Attorney for Defendant
　　　UNION PACIFIC RAILROAD

# EXHIBIT 1

JOANNA E. MACMILLAN (SBN 281891)
jmacmillan@constangy.com
AYAN JACOBS (SBN 329934)
ajacobs@constangy.com
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendant
UNION PACIFIC RAILROAD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN ELLSON, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNION PACIFIC RAILROAD, a Delaware corporation; and DOES 1-50,<br><br>    Defendant. | Case No. 5:22-cv-01767<br>*[Removed from San Bernardino County Superior Court Case No. CIVSB2213616]*<br><br>**DEFENDANT UNION PACIFIC RAILROAD'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332, 1441, & 1446**<br><br>[Filed concurrently with the Declarations of Joanna MacMillan and Lannette Chavez]<br><br>Removal Date:     October 7, 2022<br>Complaint Filed:  June 30, 2022<br>Trial Date:       None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Union Pacific Railroad ("Defendant" or "UPRR") removes the above-entitled action, Case No. CIVSB2213616, from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446 based upon complete diversity of citizenship.

This Court has original jurisdiction over this action under § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. The following is a short and plain statement of Defendant's grounds for removal:

## I.    PROCEDURAL BACKGROUND

1.    This lawsuit arises from Plaintiff John Ellson's ("Plaintiff") employment with Defendant.

2.    On June 30, 2022, Plaintiff commenced an action in the Superior Court of the State of California, County of San Bernardino (the "State Court"), entitled JOHN ELLSON VS. UNION PACIFIC RAILROAD, *et al.,* Case Number CIVSB2213616 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.    The Complaint asserts the following four causes of action: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Disability Discrimination in Violation of Civil Code section 51 *et seq.*; (3) Adverse Employment Action in Violation of Public Policy; and (4) Failure to Permit the Inspection or Copy of Records in Violation of Labor Code sections 1198.5, 226, 558, and 558.1. (*See* Exhibit A, Complaint, ¶¶ 12-38.)

4.    On June 30, 2022, Plaintiff also filed a Certificate of Assignment and Civil Case Coversheet. True and correct copies of the Certificate of Assignment and Civil Case Coversheet are attached hereto as **Exhibits B and C**, respectively.

5.      On August 12, 2022, Plaintiff filed a Summons to the Complaint. A true and correct copy of the Summons is attached hereto as **Exhibit D**.

6.      On August 12, 2022, the State Court issued a Notice of Trial Setting Conference and Notice of Case Assignment. A true and correct copy of the Notice of Trial Setting Conference and Notice of Case Assignment is attached hereto as **Exhibit E.**

7.      On September 8, 2022, Plaintiff served Defendant with the Service of Process Transmittal Summary, Process Server Delivery Details, Summons, Complaint, and Notice of Trial Setting Conference and Notice of Case Assignment. True and correct copies of all documents served on Defendant are attached hereto as **Exhibit F.**

8.      On October 7, 2022, Defendant filed its Answer to Plaintiff's Complaint.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit G**.

9.      Pursuant to 28 U.S.C. § 1446(a), the aforementioned exhibits constitute copies of all process, pleadings, and orders on file with the State Court or served upon Defendant in this action. (*See* Declaration of Joanna MacMillan in Support of Defendant's Notice to Federal Court of Removal ("MacMillan Decl."), ¶ 2.)

10.      As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this matter. (MacMillan Decl., ¶ 2.)

## II.      TIMELINESS OF REMOVAL

11.      Pursuant to 28 U.S.C. § 1446, a notice of removal of a civil action must be (1) filed within 30 days after the receipt by defendant, by service or otherwise, of the initial pleading setting forth the claim for relief, and (2) within one year after the commencement of the action.  28 U.S.C. § 1446(b) and (c); *see also Murphy Bros., Inc. v. Michette Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (30-day removal period runs from the date of service of the summons and complaint).

12.      This Notice of Removal is timely under 28 U.S.C. § 1446 because (1) it has been filed within 30 days of September 8, 2022, the date Defendant was served with and received the Summons and Complaint in this action, and (2) it has been filed within one year of August 12, 2022, the date Plaintiff filed his Complaint with the State Court.

DEFENDANT UNION PACIFIC RAILROAD'S NOTICE OF REMOVAL

## III.   JURISDICTION AND VENUE ARE PROPER

13.   **Basis of Jurisdiction.**   The Court has original jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)-(b).

14.   **Venue**.   Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes San Bernardino County, California, where the state court action was filed and is pending.

## IV.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

15.   The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

16.   **Plaintiff is a Citizen of California.** For purposes of removal, the citizenship of a natural person is established by their domicile. *See* U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person is "domiciled" in a location "where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (further providing that "domicile for purposes of diversity is determined as of the time the lawsuit is filed"); *see also State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship); *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014) (domicile is determined based on the totality of circumstances, including a party's current residence, place of employment, and representations in public documents).   Indeed, "[o]nce an individual has established his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship." *Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Cir. 2005). Accordingly, an individual's

DEFENDANT UNION PACIFIC RAILROAD'S NOTICE OF REMOVAL

1   domicile "is not lost until another is acquired*." Young v. Univ. of S. California*, 2017 WL

2   4083139, at *3 (C.D. Cal. Sept. 14, 2017), citing *Barber v. Varleta*, 199 F.2d 419, 423 (9th

3   Cir. 1952).

4           17.     In this action, there is no question that Plaintiff is a citizen of California. In

5   his Complaint, Plaintiff alleges that he "is, and at all relevant times was, a resident of San

6   Bernardino County, California." (Exhibit A, Complaint at ¶ 6.) According to Defendant's

7   most recent employment records, Plaintiff's last known mailing address was in San

8   Bernardino, California. (Declaration of Lannette Chavez ("Chavez Decl."), ¶ 8.) Because

9   there is no evidence to the contrary, Plaintiff is a citizen of the state of California for

10  purposes of this jurisdictional analysis. *See, e.g., Adams v. W. Marine Prod., Inc.*, 958 F.3d

11  1216, 1221 (9th Cir. 2020) (holding that, in connection with removal to federal court, a

12  person's continuing domicile in a state establishes citizenship "unless rebutted with

13  sufficient evidence of change"), citing *Mondragon v. Capital One Auto Finance*, 736 F.3d

14  880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a

15  person's continuing domicile in a state establishes citizenship "unless rebutted with

16  sufficient evidence of change"); *see also Buscher v. Edelman,* 2021 WL 969208, at *4

17  (C.D. Cal., 2021).

18          18.     **Defendant is Not a Citizen of California.** For purposes of establishing

19  diversity, a corporation is deemed to be a "citizen" of the state in which it has been

20  incorporated and the state where it has its principal place of business. 28 U.S.C. §

21  1332(c)(1); *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir.

22  2002). The United States Supreme Court has confirmed that to determine a corporation's

23  principal place of business, a court must apply the "nerve center" test. *See Hertz Corp. v.*

24  *Friend*, 130 S. Ct. 1181, 1192 (2010) ("*Hertz*"). In relevant part, the Supreme Court in

25  *Hertz* explained:

26              We conclude that 'principal place of business' is best read as
                referring to the place where a corporation's officers direct,
27              control, and coordinate the corporation's activities. It is the place
                that Courts of Appeals have called the corporation's 'nerve
                center.' And in practice it should normally be the place where
28              the corporation maintains its headquarters -- provided that the

5

headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion). *Id.; see also 3123 SMB LLC v. Horn,* 880 F.3d 461, 465 (9th Cir. 2018).

19.     Thus, under *Hertz,* the "nerve center" of a corporation's principal place of business looks to the place in which the corporation's executives and administrative functions are located. *See Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862, 864-65 (S.D.N.Y. 1959) (corporation's principal place of business was New York, where its management was located, rather than Connecticut where most of its manufacturing was done); *Diaz-Rodriguez v. Pep Boys Corp.*, 410 F. 3d 56, 60 (1st Cir. 2005) (nerve center test governs where corporation has "complex" and "far flung" activities).

20.     Defendant is not a citizen of California. Rather, it is a company formed under the laws of the state of Delaware, and its principal place of business is in Omaha, Nebraska. (Chavez Decl., ¶¶ 3-5). Nebraska is indisputably Defendant's "nerve center" because it is where the majority of its executive, operational, and administrative functions are performed.  Specifically:

> a.  Defendant's corporate headquarters and home offices are located at 1400 Douglas Street, Stop 1620, Omaha, Nebraska 10017. (Chavez Decl. ¶¶ 3-5.)
>
> b.  Virtually all of the corporate decisions of Defendant—including operational, executive, administrative and policymaking decisions—are made at its Nebraska headquarters.  (*Id.* at ¶¶ 3-6.)
>
> c.  While Defendant maintains operational facilities in California and other states, its high-level officers direct, control and coordinate the corporation's activities from its corporate headquarters in Nebraska.  (*Id.* at ¶¶ 3-6).

21.     **Fictitious "Doe" Defendants are Disregarded.**  Defendants "Does 1 through 50," as set forth in the Complaint, are wholly fictitious.  Indeed, the Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth

DEFENDANT UNION PACIFIC RAILROAD'S NOTICE OF REMOVAL     EXH. H - 46

any charging allegations against any fictitious defendants.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (inclusion of "Doe" defendants in a state court complaint has no effect on removal).

22.     No other party is named or has been validly served as of the date of this Notice of Removal. (MacMillan Decl., ¶ 2.)

23.     For the reasons forth above, there is no question that the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied, as Plaintiff and Defendant are citizens of different states.

## V.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

24.     <u>**The Amount in Controversy Requirement.**</u>  The U.S. Supreme Court has affirmed that a notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 551 (2014), citing 28 U. S. C. §1446(a). Accordingly, a defendant need not submit evidence in support of a removal, but rather need only plausibly allege that the amount in controversy exceeds $75,000.00. *Id.* (noting that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

25.     The Ninth Circuit recently held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 418 (9th Cir. 2018).  Where, as here, a complaint is silent as to the amount in controversy, a defendant can establish the amount by the allegations in the complaint or by setting forth facts that the amount "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996); *see also White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (holding that a defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were

1     otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific
2     dollar value upon its claim.").

3          26.    **Plaintiff's Alleged Damages Exceed $75,000.00.** The crux of Plaintiff's
4     Complaint centers on allegations that Defendant engaged in unlawful discrimination under
5     FEHA and the Unruh Act by failing to hire Plaintiff on the basis of his disability. (Exhibit
6     A, Complaint at ¶¶ 12-17. On this basis, Plaintiff seeks (1) compensatory damages,
7     including economic damages such as loss of earnings, benefits; (2) unpaid wages; (3)
8     liquidated damages; (4) pre-judgment and post-judgment interest on all damages awarded;
9     (5) statutory and civil penalties; (6) civil damages; (7) reasonable attorneys' fees; (8) costs
10    of suit incurred; and (9) preliminary and injunctive relief. (Exhibit A, Complaint at "Prayer
11    for Relief," p. 8.)

12         27.    Although Plaintiff's Complaint does not expressly state the dollar amount of
13    damages sought in this action, FEHA, in particular, "does not limit the relief a court may
14    grant in a statutory suit charging employment discrimination." *Commodore Home Sys.,*
15    *Inc. v. Superior Court*, 32 Cal. 3d 211, 215 (1982). Under FEHA, all "relief available in
16    noncontractual actions, including punitive damages, may be obtained." *Id.* at 221; *Peatros*
17    *v. Bank of Am. NT & SA*, 22 Cal. 4th 147, 166-167 (2000) (FEHA allows all relief generally
18    available in noncontractual actions including "unlimited compensatory and punitive
19    damages") (citation omitted); *Harris v. City of Santa Monica*, 65 Cal. 4th  203,  234-235
20    (2013) (in addition to unlimited compensatory and punitive damages, attorneys' fees,
21    costs and injunctive relief, "emotional distress damages may be available when an
22    employee is subject to unlawful harassment under the FEHA"); *see also Dyna-Med, Inc. v.*
23    *Fair Employment & Housing Comm'n,* 43 Cal. 3d 1379, 1385 (1987) (listing appropriate
24    remedies under FEHA to include hiring, reinstatement, upgrading, and back pay).

25         28.    ***Compensatory Damages***: On or about September 25, 2021, Plaintiff received
26    a conditional job offer to work at Union Pacific in San Bernardino County, which was later
27    rescinded on or about November 3, 2021. (Chavez Decl. at ¶ 7.) Plaintiff alleges that as a
28    result of Defendant's denial of employment "because of his disability or perceived

disability," Plaintiff has "sustained damages in an amount to be proven at trial," including economic damages. (Exhibit A, Complaint at ¶¶ 14, 17; *see also* Prayer for Relief, p. 8.) It is beyond question that in a FEHA disability discrimination case, a plaintiff may recover "past and future economic loss of earnings and benefits arising from [a defendant's] failure to hire [a plaintiff]," which includes front pay and backpay. *See, e.g., Dykzeul v. Charter Comm'n,* 2021 WL 4522545 (C.D. Cal., February 3, 2021).

29.     According to the terms of Plaintiff's conditional job offer, his regular rate of pay would have amounted to $27.18 per hour. (Chavez Decl. ¶ 7; Exhibit 1.) Plaintiff would have also been required to work shifts longer than 40 hours a week, as the Plaintiff's job position required him to be willing to "work on-call, various shifts, 7 days a week, as well as weekends and holidays." (*Id.*) But assuming that Plaintiff worked, on average, 40 hours per week without overtime, Plaintiff's wages would have amounted to approximately **$1,087.2** per week, or **$4,348.80** per month. (*Id.* at ¶ 7.) Plaintiff was also eligible for other employee benefits (i.e., health insurance, pension), which have not been factored into Plaintiff's wages provided above.

30.     There are approximately eleven (11) months between November 3, 2021, the date Plaintiff's job offer was rescinded, and October 7, 2021, the date of Defendant's Removal in this action. Thus, if Plaintiff were to be able to recover back wages spanning from the date of his termination to the date of Defendant's Notice of Removal (which Defendant contends he is not), Plaintiff would be entitled to approximately eleven (11) months, or **$47,836.80**, in back wages.

31.     Assuming this case proceeds to trial in October of 2023 (a year after the action was removed), and assuming that Plaintiff remains unemployed at the time of trial, Plaintiff will claim that he is entitled to a total of twenty-three (23) months of back wages, which would amount to **$100,022.40.**

32.     In California, front pay awards generally frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (upholding an award of front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart*

*Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (awarding a front pay award spanning over a four-year period); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (where the front pay award totaled 10 years). Assuming that Plaintiff seeks a front pay award of two years (which is a conservative estimate if this scenario applied), that amount would total an additional **$104,371.20.**

33. ***Punitive Damages***: Plaintiff also seeks punitive damages in his Complaint. Although California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded pursuant to Cal. Civil Code section 3294, the proper amount of punitive damages under California law is generally based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and Defendants' net worth. *See Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994) ("*Aucina*").

34. In *Aucina*, for example, the employer-defendant established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, and punitive damages. *Aucina*, 871 F. Supp. at 334. The court noted that "[b]ecause the purpose of punitive damages is to capture a Defendant's attention and deter others from similar conduct," a claim for punitive damages could exceed the jurisdictional threshold amount of $75,000 on its own. *Id.*

35. ***Attorneys' Fees***: Plaintiff also seeks attorneys' fees in connection with his claims. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012), *citing Simmons v. PCR Technology*, 209 F.

Supp. 2d 1029, 1034 (N.D. Cal. 2002). *See also Sasso v. Noble Utah Long Beach LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." *James Dickey, Inc. v. Alterra Am. Ins. Co.*, 2015 WL 4537732, at *3 (C.D. Cal. July 27, 2015), citing *Cain v. Hartford Life and Acc. Ins. Co.,* 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). As such, even a minimum award of attorneys' fees "would place the amount in controversy well in excess of $75,000." *Haase v. Aerodynamics Inc.*, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (internal citations omitted).

36.　Thus, while Plaintiff's attorneys' fees cannot be calculated, it is reasonable to assume that when combined with the other damages claimed by Plaintiff in this case, the $75,000 threshold would be satisfied. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (C.D. Cal. 2002).

37.　Additionally, as the Ninth Circuit has instructed, in determining the amount in controversy, a court may also consider damage awards in similar cases. *Kroske v. U.S. Bank Corp.,* 432 F. 3d 976, 980 (9th Cir. 2005) (district court properly considered jury verdicts in other age discrimination cases in determining that the jurisdictional minimum was satisfied); *Rivera v. Costco Wholesale Corp.*, No. C08-022022CW, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008) (considering jury verdicts in other cases to establish amount of emotional distress damages in controversy); *Simmons,* 209 F. Supp. 2d at 1033 (considering jury verdicts in analogous cases to establish amount of punitive damages at issue).

38.　In similar cases involving FEHA disability discrimination claims arising from a defendant's failure to hire, jury verdicts have far exceeded the jurisdictional minimum amount of $75,000.00 to remove a case on the basis of diversity. *See, e.g., Diffey v. Riverside County Sheriff's Dept.,* 1998 WL 1050085 (July 1, 1998) (jury verdict of $307,000.00 in case where an applicant claimed to have suffered financial loss when he

was denied employment with the sheriff's department after failing a vision test); (jury verdict of $113,830.00 in case where an individual accepted a job offer, which was later revoked, on the basis of unlawful pregnancy discrimination).

39. Based on the foregoing, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00.

## VI. CONCLUSION

Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Nebraska. Furthermore, the amount in controversy exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant has properly removed the State Court Action to this Court.

WHEREFORE, Defendant prays that the State Court Action be removed from the Superior Court of California, County of San Bernardino, to this Court.

DATED: October 7, 2022

**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**

By: /s/ Joanna E. MacMillan
Joanna E. MacMillan
Attorney for Defendant
UNION PACIFIC RAILROAD

Exhibit A

1    **SDA LAW GROUP P.C.**
     Alfred Shaumyan, Esq. (SBN 266908)
2    Aren Derbarseghian, Esq. (SBN 304530)
     Amir Abdizadch, Esq. (SBN 298114)
3    535 N. BRAND BLVD, Suite #280
     Glendale, CA 91203
4    Tel.:    (818) 574-0845
5    Fax:    (818) 936-9696
     alfred@sdalawgroup.com
6    aren@sdalawgroup.com
     amir@sdalawgroup.com
7

8    Attorney for Plaintiff, John Ellson

 

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 30 2022

BY _Jasmine Bolanos_
     Jasmine Bolanos DEPUTY

9         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **COUNTY OF SAN BERNARDINO**

11    JOHN ELLSON, an individual,

12         Plaintiff,

13    vs.

14    UNION PACIFIC RAILROAD, a Delaware
15    corporation; and DOES 1-50,

16         Defendants.

Case No. **CIV SB 2 2 1 3 6 1 6**

**COMPLAINT FOR:**
1. **Disability Discrimination (Gov. Code, §
    12940, *et seq*);**
2. **Disability Discrimination (Civ. Code §
    51, *et seq*.);**
3. **Adverse Employment Action in
    Violation of Public Policy**
4. **Failure to Permit the Inspection or Copy
    of Records (Labor Code §§ 1198.5, 226,
    558, and 558.1)**

**[Jury Trial Demand]**

 

**By Fax**

-1-
Complaint

EXH. H - 54

**GENERAL ALLEGATIONS**

1.  Plaintiff, John Ellson, is medically retired from the US Coast Guard after 22 years of service. After retiring he applied for a position with Defendant, Union Pacific Railroad ("UPRR"). UPRR interviewed Mr. Ellson and gave him a job offer. Mr. Ellson happily accepted the offer. However, before he could start work, a UPRR representative requested information about the disabilities Mr. Ellson had sustained while in the military. Mr. Ellson provided the requested information. After receiving the information, and without any further explanation, UPRR withdrew the offer.

2.  Mr. Ellson was completely shocked by the withdrawal. His injuries did not prevent him from doing the job he was offered and UPRR is a large employer who could have made reasonable accommodations for Mr. Ellson. Mr. Ellson contacted UPRR to inquire as to why the offer was withdrawn. But, UPRR refused to provide an answer. Instead, UPRR sent him an email indicating that his file was closed and no further investigation would be conducted.

3.  On April 1, 2022, Mr. Ellson sent a letter to UPRR requesting a copy of his personnel file, including all documents related to his application and denial of employment. The request was made pursuant to California Labor Code sections 226, *et seq.* and 1198.5, *et seq.* The letter was sent to UPRR's legal department by US mail, UPRR's agent of process in California, and a courtesy copy was forwarded via email. Mr. Ellson waited well over 30 days for the requested documents, but he never received a response.

4.  Thereafter, Mr. Ellson filed a complaint with the Department of Fair Employment and Housing and obtained a timely "right to sue" letter. To this day, Mr. Ellson has not received his requested documents nor has he been provided with an explanation as to why his offer was withdrawn.

5.  In summary, Mr. Ellson is asking the Court to issue an order compelling UPRR to provide the documents he requested, as required by law, for damages for disability discrimination, and for reasonable attorney's fees and costs, because UPRR discriminated against him and failed to provide him with reasonable accommodations. UPRR's conduct with respect to Mr. Ellson, a disabled veteran, was despicable, shameful, and oppressive. As such, Mr. Ellson is also seeking punitive damages against UPRR.

EXH. H - 55

**PARTIES**

6.     Plaintiff John Ellson is, and at all relevant times was, a resident of San Bernardino County, California.

7.     Mr. Ellson is informed and believes, and on that basis alleges, that Defendant UPRR (Union Pacific Railroad) is a Delaware corporation conducting business in the State of California, including in the County of San Bernardino.

8.     Mr. Ellson is ignorant of the true names and capacities of the defendants sued herein as DOES 1-50, but is informed and believes that DOES 1-50 are business entities (form unknown) and employers (joint or otherwise) in like or similar capacity as UPRR. Mr. Ellson is unaware of the true names and residences of said defendants, but believes and hereby alleges that said defendants are responsible, jointly or severally, for the wrongs alleged herein. Accordingly, Mr. Ellson is suing DOES 1-50 by such fictitious names and capacities. Mr. Ellson will amend this complaint to show the true names of said Defendants and their capacities when he has ascertained that information. Mr. Ellson is informed and believes, and on that basis alleges, that each of the defendants sued as DOES 1-50 acted wrongfully, maliciously, intentionally and/or negligently; they violated the applicable labor laws and wage orders. Each of them is, therefore, legally responsible in some manner for the events, happenings, and/or occurrences alleged in this complaint. Thus, the injuries and damages sustained by Mr. Ellson were proximately and directly caused by said defendants, either through their own conduct or through the conduct of their agents and/or employees. For purposes of simplification, all allegations alleged against UPRR, "Defendants" or "All Defendants" shall refer to UPRR *and* DOES 1-50, inclusive, and each of them.

9.     Mr. Ellson is informed and believes, and on that basis alleges, that at all relevant times herein Defendants, and each of them, maintained offices, operated businesses, employed persons, conducted business in, and paid employees by illegal payroll practices and policies in the County of San Bernardino, California.

10.     Mr. Ellson is informed and believes, and on that basis alleges, that Defendants are, and at all relevant times were, individuals, corporations or other business entities existing and operating within the confines of the State of California, and thus they are subject to the jurisdiction of the

1    California courts by reason of their minimum contacts in California, and/or by purposeful availment to

2    the California market for labor of the kind provided by Mr. Ellson and other residents of California,

3    and that Defendants did transact and conduct business in California, and are thus subject to the

4    jurisdiction and laws, regulations, and court decisions rendered by the State of California.

5          11.     Mr. Ellson is informed and believes, and thereon alleges, that at all relevant times,

6    Defendants, and each of them, were the partner, officer, director, agent, employee, servant and/or

7    representative of each of the remaining Defendants, including UPRR, and that in doing the things

8    alleged in this complaint, were acting within the course, scope, and/or authority of such agency, service,

9    employment, partnership and/or joint venture, and with the consent, knowledge, approval and

10    ratification of each of the other Defendants.

11                    **FIRST CAUSE OF ACTION**

12          **(Disability Discrimination, Gov. Code, § 12940, *et seq.*, against All Defendants)**

13          12.     Mr. Ellson incorporates by reference the facts alleged above, in full, herein.

14          13.     California's Fair Employment and Housing Act ("FEHA") provides that it is an

15    unlawful employment practice to discharge, refuse to hire, or to discriminate against employees or

16    applicants for employment (*i.e.* one seeking the "privileges of employment") because he or she suffers a

17    physical or mental disability, or some medical condition. FEHA requires that an employer, particularly

18    one the size of UPRR, engage in a good faith interactive process to offer reasonable accommodations

19    to someone who has a disability or medical condition.

20          14.     As alleged in further detail in the General Allegations, which are incorporated herein by

21    reference, Mr. Ellson suffers from a disability related to his military service. He applied for a position

22    with UPRR. Even with his disability, Mr. Ellson could perform the essential duties of the job he applied

23    for with or without reasonable accommodations. Despite this, UPRR subjected Mr. Ellson to an

24    adverse employment action by denying him employment because of his disability or perceived

25    disability.

26          15.     Mr. Ellson attempted to engage in an interactive process with UPRR regarding his

27    disability and requested (or attempted to request) reasonable accommodations, but UPRR refused.

28          16.     Mr. Ellson requested more information as to why he was being subjected to an adverse

1   employment action, but UPRR did not, because it could not, offer a nondiscriminatory motive for its

2   conduct. To the extent UPRR wanted to make such an offer, or to the extent it has created such an

3   excuse after-the-fact, that offer and excuse is pretextual and merely an attempt to justify UPRR's

4   wrongful and illegal conduct.

5        17.    As a result of the foregoing wrongful and illegal conduct of UPRR, Mr. Ellson has

6   sustained damages in an amount to be proven at trial.

7   <center>**SECOND CAUSE OF ACTION**</center>

8   <center>**(Disability Discrimination, Civ. Code § 51, *et seq.*, against All Defendants)**</center>

9        18.    Mr. Ellson incorporates by reference the facts alleged above, in full, herein.

10       19.    The Unruh Civil Rights Act ("UCRA"), like FEHA, protects individuals from

11  discrimination for disabilities and provides that all people, including those with disabilities, "are entitled

12  to the full and equal accommodations, advantages, facilities, privileges, or services in all business

13  establishments of every kind whatsoever."

14       20.    As alleged in further detail in the General Allegations, which are incorporated herein by

15  reference, Mr. Ellson suffers from a disability related to his military service. He applied for a position

16  with UPRR. Even with his disability, Mr. Ellson could perform the essential duties of the job he applied

17  for with or without reasonable accommodations. Despite this, UPRR denied him equal

18  accommodations and access to the privileges and advantages of employment with UPRR.

19       21.    Mr. Ellson attempted to engage in an interactive process with UPRR regarding his

20  disability and requested (or attempted to request) reasonable accommodations, but UPRR refused. Mr.

21  Ellson's disability was a substantial motivating reason for why he was denied equal accommodations,

22  privileges, and advantages.

23       22.    As a consequence of the foregoing Mr. Ellson has suffered and damages harm. The

24  discriminatory conduct alleged herein was a substantial factor in causing him the harm and damage that

25  he suffered.

26  ///

27  ///

28  ///

EXH. H - 58

**THIRD CAUSE OF ACTION**

**(Adverse Employment Action in Violation of Public Policy, *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), against All Defendants)**

23.     Mr. Ellson incorporates by reference the facts alleged above, in full, herein.

24.     In *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), the California Supreme Court held that it was an independent actionable tort to engage in adverse employment actions against an employee (or potential employee) for engaging in protected activities rooted in California public policy.

25.     In California, there is a strong public policy not to discriminate against individuals who are disabled by refusing them employment or terminating their employment (outright or constructively).

26.     As alleged in further detail in the General Allegations, which are incorporated herein by reference, Mr. Ellson suffers from a disability related to his military service. He applied for a position with UPRR. Even with his disability, Mr. Ellson could perform the essential duties of the job he applied for with or without reasonable accommodations. Despite this, UPRR denied him employment due to his disability and for no other legitimate reason.

27.     UPRR's action, as alleged herein, violate California's public policy. UPRR's action, as alleged herein, caused Mr. Ellson harm and damages. UPRR's action, as alleged herein, were a substantial factor in causing the harm and damages Mr. Ellson sustained.

28.     The exact amount of harm and damages is currently unknown, but will be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Failure to Permit the Inspection or Copy of Records, Labor Code §§ 1198.5, 226, 558, and 558.1 against All Defendants)**

29.     Mr. Ellson incorporates by reference the facts alleged above, in full, herein.

30.     Labor Code § 226 (b) and (c) requires an employer to permit the right to inspect or copy records pertaining to an employee, upon reasonable request, as soon as practicable, but no later than 21 calendar days from the date of the request.

31.     Notwithstanding Mr. Ellson's reasonable request to inspect or copy his employment

-6-
Complaint

1 | records, UPRR failed and refused to permit Mr. Ellson to inspect or copy his employment records
2 | within the time set forth in Labor Code § 226 (c).

3 |      32.     UPRR continues to fail and refuse to permit Mr. Ellson to inspect or copy the records.

4 |      33.     Labor Code § 558 provides for a civil penalty to be assessed against any employer or
5 | other person acting on behalf of an employer who violates, or causes to be violated, a provision of the
6 | California Labor Code regulating wages, hours and working conditions.

7 |      34.     Mr. Ellson is informed and believes, and on that basis alleges, that UPRR, at all relevant
8 | times, was an employer for purposes of the Labor Code violations alleged in this cause of action, and is,
9 | therefore, subject to civil penalties payable to Mr. Ellson for its violation(s).

10 |      35.     Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other
11 | person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating
12 | minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or
13 | violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802.

14 |      36.     Section 558.1(a) states clearly that any such person "may be held liable as the employer
15 | for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to
16 | "a natural person who is an owner, director, officer, or managing agent of the employer, and the term
17 | "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

18 |      37.     Pursuant to Section 558.1, UPRR is liable for damages to Mr. Ellson as set forth in this
19 | cause of action.

20 |      38.     As a direct and proximate result of the conduct alleged herein, UPRR is in violation of
21 | Labor Code § 226 (b) and (c), and Mr. Ellson is entitled, pursuant to Labor Code § 226 (f), to recover a
22 | penalty of $750 and injunctive relief.

23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

Complaint

EXH. H - 60

**PRAYERS FOR RELIEF**

**WHEREFORE**, Mr. Ellson respectfully prays this Court enter judgment in his favor and against all Defendants, and each of them, as follows:

A.      For compensatory damages as may be established according to proof at trial;

B.      For all unpaid wages as may be established according to proof at trial;

C.      For liquidated damages as may be established according to proof at trial;

D.      For pre-judgment and post-judgment interest on all damages awarded, at the legal rate;

E.      For all statutory and civil penalties as may be established according to proof at trial;

F.      For civil damages where authorized by law;

G.      For reasonable attorney's fees;

H.      For costs of suit incurred;

I.      For a preliminary and permanent injunction ordering UPRR to cease such unlawful and unfair practices as alleged hereinabove and allow the inspection of records as requested by Mr. Ellson; and

J.      For such other and further relief as the Court deems just and proper.

**SDA Law Group P.C.**

Dated: 6/29/2022

By: _____
Alfred Shaumyan
Aren Derbarseghian
Amir Abdizadeh
Attorneys for Plaintiff,
John Ellson

**JURY TRIAL DEMAND**

Plaintiff, John Ellson, respectfully requests a jury trial.

**SDA Law Group P.C.**

Dated: 6/29/2022

By: _____
Alfred Shaumyan
Aren Derbarseghian
Amir Abdizadeh
Attorneys for Plaintiff,
John Ellson

-8-

EXH. H - 61

Exhibit B

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

John Ellson, an individual

vs.

Union Pacific Railroad, et al.

CASE NO.: CIV SB 2213616

**CERTIFICATE OF ASSIGNMENT**

By Fax

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino Central District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Disability Discrimination | Plaintiff resides within the district and Defendant operates within the district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Defendant's Location | 200 Marion way |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |

| Bloomington | CA | 92316 |
|---|---|---|
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 29, 2022 at Glendale, California

[signature]
*Signature of Attorney/Party*

CERTIFICATE OF ASSIGNMENT

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 3 0 2022

RECEIVED

# Exhibit C

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Aren Derbarseghian SBN: 304530<br>SDA LAW GROUP P.C. 535 N. Brand Blvd, Suite 280<br>Glendale, CA 91203<br><br>TELEPHONE NO.: (818) 574-0845    FAX NO. (Optional): (818) 936-9696<br>ATTORNEY FOR (Name): John Ellson, Plaintiff | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 30 2022<br><br>BY _____<br>DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO |
|---|
| STREET ADDRESS: 247 West Third Street |
| MAILING ADDRESS: Same |
| CITY AND ZIP CODE: San Bernardino 92415 |
| BRANCH NAME: San Bernardino Central District |

| CASE NAME:<br>John Ellson v. UNION PACIFIC RAILROAD, ET AL. |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2 2 1 3 6 1 6 |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 6/29/2022

Aren Derbarseghian
_____        ▶ _____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 3 0 2022

RECEIVED

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    | Print this form | Save this form |    | Clear this form |

Exhibit D

Jun 30 2022 9:51am    D&A Law Group             17602426528        p.5

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**AUG 1 2 2022**

BY Jasmine Bolanos DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNION PACIFIC RAILROAD, a Delaware corporation; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN ELLSON, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino Central District<br>247 West Third Street<br>San Bernardino, CA 92415 | CASE NUMBER: *(Número del Caso):*<br>**CIVSB 2 2 1 3 6 1 6** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aren Derbarseghian, SDA LAW GROUP P.C., 535 N. Brand Blvd., Suite 280, Glendale, CA 91203, 818-531-0845

| DATE: 08/12/2022 *(Fecha)* | Clerk, by Jasmine Bolanos *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Union Pacific Railroad, a Delaware Corporation
   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☑ by personal delivery on *(date)* 9/8/22

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form] [Clear this form]

EXH. H - 70

Case 5:22-cv-01760-MRA-SP  Document 15  Filed 10/07/22  Page 1 of 2  Page ID
#:150
Case 2:21-cv-01787-SP  Document 8-8  Filed 01/22/21  Page 35 of 83  Page ID #:91

# Exhibit E



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Ellson -v- Union Pacific Railroad et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | **Case Number** |
| | CIVSB2213616 |

**SDA Law Group P.C.**
**535 N. Brand Blvd**
**Suite 280**
**Glendale, CA 91203**

This case has been assigned to: Donald Alvarez in Department S23 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 02/08/2023 at 8:30 AM in Department S23 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (Local Rule 411.1).

Parties shall file and serve no later than 10 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference. In the event an At Issue Memorandum shall be filed and served no later than 15 days prior to the trial setting conference.

Date: 8/12/2022

Nancy CS Eberhardt, Court Executive Officer

By: _Jasmine Bolanos_
Jasmine Bolanos, Deputy Clerk

-------------------------------------------------------------------------

**CERTIFICATE OF SERVICE**

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 8/12/2022

I declare under penalty of perjury that the forgoing is true and correct. Executed on 8/12/2022 at San Bernardino, CA.

By: _Jasmine Bolanos_
Jasmine Bolanos, Deputy Clerk

EXH. H - 72

# Exhibit F

## Service of Process Transmittal Summary

**TO:**     Sarah Rief, STOP 1580
             Union Pacific Railroad Company
             1400 Douglas St
             Omaha, NE 68179-0002

**RE:**     **Process Served in California**

**FOR:**    Union Pacific Railroad Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHN ELLSON, an individual // To: Union Pacific Railroad Company |
| **CASE #:** | CIVSB2213616 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/08/2022 at 12:19 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/08/2022, Expected Purge Date: 09/13/2022 |
| | Image SOP |
| | Email Notification,  Eeo Intake  eeo.intake@up.com |
| | Email Notification,  Betsy Gassaway  bsgassaw@up.com |
| | Email Notification,  Sarah Rief  sjrief@up.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXH. H - 74

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Sep 8, 2022

**Server Name:** John Abramyan

| Entity Served | UNION PACIFIC RAILROAD COMPANY |
|---|---|
| Case Number | CIVSB 2213616 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



EXH. H - 75

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 12 2022

BY _Jasmine Bolanos_
Jasmine Bolanos DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNION PACIFIC RAILROAD, a Delaware corporation; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN ELLSON, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es:)* San Bernardino Central District 247 West Third Street San Bernardino, CA 92415 | CASE NUMBER: *(Número del Caso):* **CIVSB 2213616** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aren Derbarseghian, SDA LAW GROUP P.C., 535 N. Brand Blvd., Suite 280, Glendale, CA 91203, 818-538-0345

| DATE: 08/12/2022 *(Fecha)* | Clerk, by _Jasmine Bolanos_ *(Secretario) Jasmine Bolanos* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Union Pacific Railroad, a Delaware Corporation

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 9/8/22

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

EXH. H - 76

By Fax

Jun 30 2022 9:52am   D&A Law Group          17602426528          p.6

1   **SDA LAW GROUP P.C.**
    Alfred Shaumyan, Esq. (SBN 266908)
2   Aren Derbarseghian, Esq. (SBN 304530)
    Amir Abdizadeh, Esq. (SBN 298114)
3   535 N. BRAND BLVD, Suite #280
    Glendale, CA 91203
4   Tel.:   (818) 574-0845
    Fax:    (818) 936-9696
5   alfred@sdalawgroup.com
6   aren@sdalawgroup.com
    amir@sdalawgroup.com
7
8   Attorney for Plaintiff, John Ellson

```
F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 30 2022

BY _____
   Jasmine Belano  DEPUTY
```

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF SAN BERNARDINO**

11   JOHN ELLSON, an individual,            )   Case No. **CIV SB 2 2 1 3 6 1 6**
                                            )
12              Plaintiff,                  )   **COMPLAINT FOR:**
                                            )   1.  **Disability Discrimination (Gov. Code, §**
13   vs.                                    )       **12940, *et seq*);**
                                            )   2.  **Disability Discrimination (Civ. Code §**
14   UNION PACIFIC RAILROAD, a Delaware     )       **51, *et seq*.);**
15   corporation; and DOES 1-50,            )   3.  **Adverse Employment Action in**
                                            )       **Violation of Public Policy**
16              Defendants.                 )   4.  **Failure to Permit the Inspection or Copy**
                                            )       **of Records (Labor Code §§ 1198.5, 226,**
17                                          )       **558, and 558.1)**
                                            )
18                                          )   **[Jury Trial Demand]**
                                            )
19 _____ )

20

21

22

23

24

25

26

27

28

---

-1-

Complaint

EXH. H - 77

<center>**GENERAL ALLEGATIONS**</center>

1.      Plaintiff, John Ellson, is medically retired from the US Coast Guard after 22 years of service. After retiring he applied for a position with Defendant, Union Pacific Railroad ("UPRR"). UPRR interviewed Mr. Ellson and gave him a job offer. Mr. Ellson happily accepted the offer. However, before he could start work, a UPRR representative requested information about the disabilities Mr. Ellson had sustained while in the military. Mr. Ellson provided the requested information. After receiving the information, and without any further explanation, UPRR withdrew the offer.

2.      Mr. Ellson was completely shocked by the withdrawal. His injuries did not prevent him from doing the job he was offered and UPRR is a large employer who could have made reasonable accommodations for Mr. Ellson. Mr. Ellson contacted UPRR to inquire as to why the offer was withdrawn. But, UPRR refused to provide an answer. Instead, UPRR sent him an email indicating that his file was closed and no further investigation would be conducted.

3.      On April 1, 2022, Mr. Ellson sent a letter to UPRR requesting a copy of his personnel file, including all documents related to his application and denial of employment. The request was made pursuant to California Labor Code sections 226, *et seq.* and 1198.5, *et seq.* The letter was sent to UPRR's legal department by US mail, UPRR's agent of process in California, and a courtesy copy was forwarded via email. Mr. Ellson waited well over 30 days for the requested documents, but he never received a response.

4.      Thereafter, Mr. Ellson filed a complaint with the Department of Fair Employment and Housing and obtained a timely "right to sue" letter. To this day, Mr. Ellson has not received his requested documents nor has he been provided with an explanation as to why his offer was withdrawn.

5.      In summary, Mr. Ellson is asking the Court to issue an order compelling UPRR to provide the documents he requested, as required by law, for damages for disability discrimination, and for reasonable attorney's fees and costs, because UPRR discriminated against him and failed to provide him with reasonable accommodations. UPRR's conduct with respect to Mr. Ellson, a disabled veteran, was despicable, shameful, and oppressive. As such, Mr. Ellson is also seeking punitive damages against UPRR.

EXH. H - 78

**PARTIES**

6.      Plaintiff John Ellson is, and at all relevant times was, a resident of San Bernardino County, California.

7.      Mr. Ellson is informed and believes, and on that basis alleges, that Defendant UPRR (Union Pacific Railroad) is a Delaware corporation conducting business in the State of California, including in the County of San Bernardino.

8.      Mr. Ellson is ignorant of the true names and capacities of the defendants sued herein as DOES 1-50, but is informed and believes that DOES 1-50 are business entities (form unknown) and employers (joint or otherwise) in like or similar capacity as UPRR. Mr. Ellson is unaware of the true names and residences of said defendants, but believes and hereby alleges that said defendants are responsible, jointly or severally, for the wrongs alleged herein. Accordingly, Mr. Ellson is suing DOES 1-50 by such fictitious names and capacities. Mr. Ellson will amend this complaint to show the true names of said Defendants and their capacities when he has ascertained that information. Mr. Ellson is informed and believes, and on that basis alleges, that each of the defendants sued as DOES 1-50 acted wrongfully, maliciously, intentionally and/or negligently; they violated the applicable labor laws and wage orders. Each of them is, therefore, legally responsible in some manner for the events, happenings, and/or occurrences alleged in this complaint. Thus, the injuries and damages sustained by Mr. Ellson were proximately and directly caused by said defendants, either through their own conduct or through the conduct of their agents and/or employees. For purposes of simplification, all allegations alleged against UPRR, "Defendants" or "All Defendants" shall refer to UPRR *and* DOES 1-50, inclusive, and each of them.

9.      Mr. Ellson is informed and believes, and on that basis alleges, that at all relevant times herein Defendants, and each of them, maintained offices, operated businesses, employed persons, conducted business in, and paid employees by illegal payroll practices and policies in the County of San Bernardino, California.

10.     Mr. Ellson is informed and believes, and on that basis alleges, that Defendants are, and at all relevant times were, individuals, corporations or other business entities existing and operating within the confines of the State of California, and thus they are subject to the jurisdiction of the

EXH. H - 79

1    California courts by reason of their minimum contacts in California, and/or by purposeful availment to

2    the California market for labor of the kind provided by Mr. Ellson and other residents of California,

3    and that Defendants did transact and conduct business in California, and are thus subject to the

4    jurisdiction and laws, regulations, and court decisions rendered by the State of California.

5         11.     Mr. Ellson is informed and believes, and thereon alleges, that at all relevant times,

6    Defendants, and each of them, were the partner, officer, director, agent, employee, servant and/or

7    representative of each of the remaining Defendants, including UPRR, and that in doing the things

8    alleged in this complaint, were acting within the course, scope, and/or authority of such agency, service,

9    employment, partnership and/or joint venture, and with the consent, knowledge, approval and

10    ratification of each of the other Defendants.

11                          **FIRST CAUSE OF ACTION**

12         **(Disability Discrimination, Gov. Code, § 12940, *et seq.*, against All Defendants)**

13         12.     Mr. Ellson incorporates by reference the facts alleged above, in full, herein.

14         13.     California's Fair Employment and Housing Act ("FEHA") provides that it is an

15    unlawful employment practice to discharge, refuse to hire, or to discriminate against employees or

16    applicants for employment (*i.e.* one seeking the "privileges of employment") because he or she suffers a

17    physical or mental disability, or some medical condition. FEHA requires that an employer, particularly

18    one the size of UPRR, engage in a good faith interactive process to offer reasonable accommodations

19    to someone who has a disability or medical condition.

20         14.     As alleged in further detail in the General Allegations, which are incorporated herein by

21    reference, Mr. Ellson suffers from a disability related to his military service. He applied for a position

22    with UPRR. Even with his disability, Mr. Ellson could perform the essential duties of the job he applied

23    for with or without reasonable accommodations. Despite this, UPRR subjected Mr. Ellson to an

24    adverse employment action by denying him employment because of his disability or perceived

25    disability.

26         15.     Mr. Ellson attempted to engage in an interactive process with UPRR regarding his

27    disability and requested (or attempted to request) reasonable accommodations, but UPRR refused.

28         16.     Mr. Ellson requested more information as to why he was being subjected to an adverse

1   employment action, but UPRR did not, because it could not, offer a nondiscriminatory motive for its

2   conduct. To the extent UPRR wanted to make such an offer, or to the extent it has created such an

3   excuse after-the-fact, that offer and excuse is pretextual and merely an attempt to justify UPRR's

4   wrongful and illegal conduct.

5        17.    As a result of the foregoing wrongful and illegal conduct of UPRR, Mr. Ellson has

6   sustained damages in an amount to be proven at trial.

7   <div align="center">**SECOND CAUSE OF ACTION**</div>

8   <div align="center">**(Disability Discrimination, Civ. Code § 51, *et seq.*, against All Defendants)**</div>

9        18.    Mr. Ellson incorporates by reference the facts alleged above, in full, herein.

10       19.    The Unruh Civil Rights Act ("UCRA"), like FEHA, protects individuals from

11  discrimination for disabilities and provides that all people, including those with disabilities, "are entitled

12  to the full and equal accommodations, advantages, facilities, privileges, or services in all business

13  establishments of every kind whatsoever."

14       20.    As alleged in further detail in the General Allegations, which are incorporated herein by

15  reference, Mr. Ellson suffers from a disability related to his military service. He applied for a position

16  with UPRR. Even with his disability, Mr. Ellson could perform the essential duties of the job he applied

17  for with or without reasonable accommodations. Despite this, UPRR denied him equal

18  accommodations and access to the privileges and advantages of employment with UPRR.

19       21.    Mr. Ellson attempted to engage in an interactive process with UPRR regarding his

20  disability and requested (or attempted to request) reasonable accommodations, but UPRR refused. Mr.

21  Ellson's disability was a substantial motivating reason for why he was denied equal accommodations,

22  privileges, and advantages.

23       22.    As a consequence of the foregoing Mr. Ellson has suffered and damages harm. The

24  discriminatory conduct alleged herein was a substantial factor in causing him the harm and damage that

25  he suffered.

26  ///

27  ///

28  ///

<div align="center">-5-
Complaint</div>

**THIRD CAUSE OF ACTION**

**(Adverse Employment Action in Violation of Public Policy, *Tameny v. Atlantic Richfield Co.*,**

**27 Cal. 3d 167 (1980), against All Defendants)**

23.     Mr. Ellson incorporates by reference the facts alleged above, in full, herein.

24.     In *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), the California Supreme Court held that it was an independent actionable tort to engage in adverse employment actions against an employee (or potential employee) for engaging in protected activities rooted in California public policy.

25.     In California, there is a strong public policy not to discriminate against individuals who are disabled by refusing them employment or terminating their employment (outright or constructively).

26.     As alleged in further detail in the General Allegations, which are incorporated herein by reference, Mr. Ellson suffers from a disability related to his military service. He applied for a position with UPRR. Even with his disability, Mr. Ellson could perform the essential duties of the job he applied for with or without reasonable accommodations. Despite this, UPRR denied him employment due to his disability and for no other legitimate reason.

27.     UPRR's action, as alleged herein, violate California's public policy. UPRR's action, as alleged herein, caused Mr. Ellson harm and damages. UPRR's action, as alleged herein, were a substantial factor in causing the harm and damages Mr. Ellson sustained.

28.     The exact amount of harm and damages is currently unknown, but will be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Failure to Permit the Inspection or Copy of Records, Labor Code §§ 1198.5, 226, 558, and 558.1**

**against All Defendants)**

29.     Mr. Ellson incorporates by reference the facts alleged above, in full, herein.

30.     Labor Code § 226 (b) and (c) requires an employer to permit the right to inspect or copy records pertaining to an employee, upon reasonable request, as soon as practicable, but no later than 21 calendar days from the date of the request.

31.     Notwithstanding Mr. Ellson's reasonable request to inspect or copy his employment

EXH. H - 82

1  records, UPRR failed and refused to permit Mr. Ellson to inspect or copy his employment records

2  within the time set forth in Labor Code § 226 (c).

3      32.    UPRR continues to fail and refuse to permit Mr. Ellson to inspect or copy the records.

4      33.    Labor Code § 558 provides for a civil penalty to be assessed against any employer or

5  other person acting on behalf of an employer who violates, or causes to be violated, a provision of the

6  California Labor Code regulating wages, hours and working conditions.

7      34.    Mr. Ellson is informed and believes, and on that basis alleges, that UPRR, at all relevant

8  times, was an employer for purposes of the Labor Code violations alleged in this cause of action, and is,

9  therefore, subject to civil penalties payable to Mr. Ellson for its violation(s).

10      35.    Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other

11  person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating

12  minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or

13  violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802.

14      36.    Section 558.1(a) states clearly that any such person "may be held liable as the employer

15  for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to

16  "a natural person who is an owner, director, officer, or managing agent of the employer, and the term

17  "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

18      37.    Pursuant to Section 558.1, UPRR is liable for damages to Mr. Ellson as set forth in this

19  cause of action.

20      38.    As a direct and proximate result of the conduct alleged herein, UPRR is in violation of

21  Labor Code § 226 (b) and (c), and Mr. Ellson is entitled, pursuant to Labor Code § 226 (f), to recover a

22  penalty of $750 and injunctive relief.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-7-

Complaint

EXH. H - 83

**PRAYERS FOR RELIEF**

**WHEREFORE**, Mr. Ellson respectfully prays this Court enter judgment in his favor and against all Defendants, and each of them, as follows:

A.      For compensatory damages as may be established according to proof at trial;

B.      For all unpaid wages as may be established according to proof at trial;

C.      For liquidated damages as may be established according to proof at trial;

D.      For pre-judgment and post-judgment interest on all damages awarded, at the legal rate;

E.      For all statutory and civil penalties as may be established according to proof at trial;

F.      For civil damages where authorized by law;

G.      For reasonable attorney's fees;

H.      For costs of suit incurred;

I.      For a preliminary and permanent injunction ordering UPRR to cease such unlawful and unfair practices as alleged hereinabove and allow the inspection of records as requested by Mr. Ellson; and

J.      For such other and further relief as the Court deems just and proper.

**SDA Law Group P.C.**

Dated: 6/29/2022            By: _____
                                   Alfred Shaumyan
                                   Aren Derbarseghian
                                   Amir Abdizadeh
                                   Attorneys for Plaintiff,
                                   John Ellson

**JURY TRIAL DEMAND**

Plaintiff, John Ellson, respectfully requests a jury trial.

**SDA Law Group P.C.**

Dated: 6/29/2022            By: _____
                                   Alfred Shaumyan
                                   Aren Derbarseghian
                                   Amir Abdizadeh
                                   Attorneys for Plaintiff,
                                   John Ellson

Complaint

EXH. H - 84



# Alternative Dispute Resolution



Superior Court of California - County of San Bernardino

Alternate Dispute Resolution (ADR) provides an opportunity for parties to receive assistance reaching a resolution in their small claims, landlord tenant, civil, family law, probate case with a trained mediator. The Inland Fair Housing and Mediation Board (IFHMB) provides in-person services for all case types listed above. These services are available for the following court locations:

♦ San Bernardino Historic

♦ San Bernardino Justice Center

♦ Barstow

♦ Fontana

♦ Joshua Tree

Using ADR to resolve disputes can:

◊ Save time, since it can take a lot less time to work out and write up an agreement than go through a trial.

◊ Save money on attorney's fees, fees for expert witnesses and other expenses.

◊ More control over the outcome. In ADR, parties participate more actively in creating a workable solution than leaving the decision up to a judge or a jury. Also, it can create solutions that go beyond what the court can do.



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Ellson -v- Union Pacific Railroad et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | **Case Number** CIVSB2213616 |

**SDA Law Group P.C.**
**535 N. Brand Blvd**
**Suite 280**
**Glendale, CA 91203**

This case has been assigned to: Donald Alvarez in Department S23 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 02/08/2023 at 8:30 AM in Department S23 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (Local Rule 411.1).

Parties shall file and serve no later than 10 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference. In the event an At Issue Memorandum shall be filed and served no later than 15 days prior to the trial setting conference.

Date: 8/12/2022

Nancy CS Eberhardt, Court Executive Officer

By: _Jasmine Bolanoo_
Jasmine Bolanos, Deputy Clerk

---

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 8/12/2022

I declare under penalty of perjury that the forgoing is true and correct. Executed on 8/12/2022 at San Bernardino, CA.

By: _Jasmine Bolanos_
Jasmine Bolanos, Deputy Clerk

EXH. H - 86

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| **TELEPHONE NO.:**<br>**E-MAIL ADDRESS:**<br>**ATTORNEY FOR (Name):**<br>**FAX NO. (Optional):** | | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | **CASE NUMBER:** |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties (answer one):**
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case in Complaint:**

5. **Description of case in Cross-Complaint:**

6. Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7. Do you agree to mediation?  Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to  ☐ consolidate   ☐ Trial dates requested: Yes ☐   No ☐   Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

**INITIAL TRIAL SETTING CONFERENCE STATEMENT**

EXH. H - 87

# Exhibit G

JOANNA E. MACMILLAN (SBN 281891)
jmacmillan@constangy.com
AYAN JACOBS (SBN 329934)
ajacobs@constangy.com
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendant
UNION PACIFIC RAILROAD

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| JOHN ELLSON, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNION PACIFIC RAILROAD, a Delaware corporation; and DOES 1-50,<br><br>  Defendants. | Case No. CIVSB2213616<br><br>[ASSIGNED FOR ALL PURPOSES TO JUDGE DONALD ALVAREZ, DEPT. S23]<br><br>**DEFENDANT UNION PACIFIC RAILROAD'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: June 30, 2022 |

Defendant Union Pacific Railroad ("UPRR" or "Defendant"), by and through its counsel of record, submits its Answer to the Complaint for Damages and Demand for Jury Trial ("Complaint") filed by Plaintiff John Ellson ("Plaintiff") with the following responses numbered to correspond with the numbered paragraphs of the Complaint.

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), UPRR denies, generally and specifically, each and every allegation contained in the Complaint and denies that Plaintiff has suffered any injury or has been damaged in any way whatsoever as the result of any action or omission of UPRR as alleged in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff or assuming any burden of proof that it would not otherwise bear under applicable law, UPRR hereby asserts the following distinct and separate affirmative defenses to Plaintiff's Complaint and each cause of action asserted therein. UPRR also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Discovery is ongoing, therefore UPRR reserves the right to amend this Answer to assert additional defenses as new information becomes available.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails to state a claim upon which relief may be granted. *See, e.g., Rojo v. Kliger*, 52 Cal.3d 65 (1990) (holding that disability claims under the Unruh Act have "no application to employment discrimination claims"); *Franklin v. Adams & Associates, Inc.*, 2017 WL 5177691, at *9 (E.D.Cal., 2017) (holding that a section 1198.5 claim for personnel records is limited to requests made by current and former employees, rather than to an applicant who was never hired by the employer).

EXH. H - 90

## **SECOND AFFIRMATIVE DEFENSE**

### **(Failure to Exhaust Administrative Remedies)**

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies and/or internal grievance procedures as required by California law including, but not limited to, those prescribed by the California Fair Employment and Housing Act, section 12900 *et seq.* of the Government Code.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, by the applicable statute of limitations, including but not limited to, those provided for in California Civil Procedure Code sections 335.1 and 343, as well as California Government Code sections 12960 and 12965.

## **FOURTH AFFIRMATIVE DEFENSE**

### **(After-Acquired Evidence)**

UPRR is informed and believes that each purported cause of action in the Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence, or that the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## **FIFTH AFFIRMATIVE DEFENSE**

### **(Failure to Mitigate)**

UPRR is informed and believes that Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, to the extent Plaintiff is estopped by his own conduct to claim any right to damages or any relief against UPRR.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, to the extent that Plaintiff comes to this Court with unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, pursuant to the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because Plaintiff failed to take advantage of available preventative and/or corrective opportunities provided by UPRR to avoid the alleged injuries.

## TENTH AFFIRMATIVE DEFENSE

### (No Accommodation Requested)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, to the extent that reasonable accommodations were either not sought by Plaintiff, were not required, and/or were excused by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unable to Perform Essential Duties)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, to the extent that if Plaintiff is determined to be disabled under the law, he was unable to perform the essential duties

EXH. H - 92

of the job, with or without a reasonable accommodation required under the law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Participate in a Timely, Good-Faith Interactive Process)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, to the extent that if Plaintiff is determined to be disabled under California Government Code section 12926, Plaintiff is the person responsible for the break down in the interactive process. Based upon Plaintiff's failure to participate in a timely, good faith interactive process with UPRR to determine effective reasonable accommodation, Plaintiff cannot state a claim against UPRR under Government Code section 12940(n).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because, assuming *arguendo* that Plaintiff requested an accommodation, which UPRR does not concede, any accommodation that might have been requested was unreasonable and/or would have imposed an undue hardship on UPRR.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Disabled or Perceived as Disabled)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because at all times relevant to the Complaint, Plaintiff was not disabled within the meaning of the California Fair Employment and Housing Act, California Government Code section 12926; nor was Plaintiff perceived or regarded as having a disability.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part because, assuming *arguendo* that UPRR was motivated by unlawful reasons, UPRR would have made the same decisions regarding Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory business reasons.

DEFENDANT UNION PACIFIC RAILROAD'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT FOR DAMAGES

EXH. H - 93

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Direct Threat)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part because UPRR was not required to provide Plaintiff a reasonable accommodation because Plaintiff posed a direct threat to health and safety of himself and/or others that could not be eliminated by reasonable accommodation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Conforming with Governmental Codes and Regulations)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because UPRR's policies, practices and procedures are in conformity with all applicable governmental codes and regulations existing at all applicable times. Therefore, no legal liability may be imposed on UPRR as to any act or practice that is in conformity with such governmental codes and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Justification)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because any and all acts, conduct or statements of UPRR, or anyone acting on its behalf, were justified, in good faith, and for legitimate, non-discriminatory, non-retaliatory reasons and/or as a result of business necessity that were wholly unrelated to Plaintiff's alleged disability, other protected characteristics, or purported complaints of discrimination, or other unlawful conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Impossibility)

UPRR alleges that each purported cause of action in the Complaint premised upon an alleged violation of the California Labor Code is barred, in whole or in part, because any and all omissions of UPRR, or anyone acting on its behalf, were excused under the doctrine of impossibility as provided for in California Labor Code sections 1198.5(m) and 226(c).

## **TWENTIETH AFFIRMATIVE DEFENSE**

### **(Job-Relatedness/Business Necessity)**

To the extent that UPRR made a disability-related inquiry or required a medical documentation from the Plaintiff prior to his employment, such inquiry or examination was job-related and consistent with business necessity.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

### **(Safety-Based Qualification Standards)**

To the extent that UPRR applied safety-based qualification standards to the position in question and such standards screen out, or tend to screen out, individuals on the basis of disability, such standards were necessary to eliminate a significant risk to the health or safety of the Plaintiff and/or others, and the risk could not have been eliminated or reduced by a reasonable accommodation.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

### **(Reasonable Regulations Governing Conduct)**

To the extent that UPRR applied safety-based qualification standards to the position in question and such standards screen out, or tend to screen out, individuals on the basis of disability, such standards were reasonably adopted and rationally related to the safe operations of the business being conducted by UPPR.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

### **(No Standing)**

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because Plaintiff was not actually denied full and fair treatment by UPRR as contemplated by the Unruh Act.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

### **(Federal Preemption)**

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, based upon the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States to the extent that any state claims are preempted by federal law

---

DEFENDANT UNION PACIFIC RAILROAD'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT FOR DAMAGES

EXH. H - 95

<div align="center">**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</div>

<div align="center">**(No Ratification)**</div>

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because UPRR did not ratify and/or approve any wrongful conduct.

<div align="center">**TWENTY-SIXTH AFFIRMATIVE DEFENSE**</div>

<div align="center">**(Prompt and Appropriate Corrective Action)**</div>

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because UPRR took prompt and appropriate corrective action in response to any complaints or stated concerns regarding the workplace made by Plaintiff, if any, thereby satisfying all legal obligations it had.

<div align="center">**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**</div>

<div align="center">**(Lack of Knowledge as to Discrimination or Retaliation)**</div>

The Complaint, and each and every purported cause of action alleged therein, is barred in whole or in part. Defendant had no knowledge that Plaintiff was subjected to discrimination and/or retaliation, if any, as alleged by Plaintiff's Complaint.

<div align="center">**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</div>

<div align="center">**(Civil Code § 1431.2)**</div>

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, because to the extent Plaintiff suffered any emotional, mental, and/or physical injury, it was proximately caused by the acts and/or omissions of persons and entities other than UPRR. Accordingly, UPRR is entitled to an allocation of any and all non-economic damages pursuant to Civil Code section 1431.2.

<div align="center">**TWENTY-NINTH AFFIRMATIVE DEFENSE**</div>

<div align="center">**(No Entitlement to Punitive Damages)**</div>

Plaintiff's Complaint and each cause of action alleged therein fail to state a claim for punitive damages against Defendant because any alleged discriminatory conduct by Defendant's agents or

employees (which Defendant denies) was contrary to its anti-discrimination, which Defendant implemented in good faith and fairly and adequately enforced.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

An award of punitive damages is unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and Article I, section 7 of the California Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Private Right of Action)

UPRR alleges that each purported cause of action in the Complaint is barred, in whole or in part, to the extent Plaintiff seeks relief under Labor Code provisions that do not offer a private right of action. *See, e.g., ZB, N.A. v. Superior Court,* 8 Cal.5th 175 (2019) (addressing no private right of action under certain Labor Code provisions, including section 558).

## RESERVATION OF RIGHTS

UPRR presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, UPRR prays as follows:

1.  That judgment be entered in favor of UPRR;

2.  That each and every count of Plaintiff's Complaint be denied in its entirety, and that Plaintiff take nothing;

3.  That UPRR be awarded its reasonable attorneys' fees and costs; and

4.  That the Court rule on all pleaded defenses supported by the evidence; and For such other relief as the Court deems just and proper.

Respectfully submitted this 7 day of October, 2022.

1    DATED:  October 7, 2022          **CONSTANGY, BROOKS, SMITH & PROPHETE LLP**

2
                                      By: _____
3                                          Joanna E. MacMillan
                                           Attorneys for Defendant
4                                          UNION PACIFIC RAILROAD

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3      I am over the age of 18. I am employed in the County of Los Angeles, State of California. My
4  business address is 2029 Century Park East, Suite 1100, Los Angeles, California 90067.

5      On **October 7, 2022**, I served the **DEFENDANT UNION PACIFIC RAILROAD'S
6  ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES** on the interested
parties in this action as follows:

7  SDA LAW GROUP P.C.                        *Attorneys for Plaintiff*
   Alfred Shaumyan, Esq.                     *JOHN ELLSON*
8  Aren Derbarseghian, Esq.
   Amir Abdizadch, Esq.
9  535 N. Brand Blvd, Suite #280
   Glendale, CA 91203
10 Tel: 818.574.0845
   Fax: 818.936.9696
11 alfred@sdalawgroup.com;
   aren@sdalawgroup.com;
12 amir@sdalawgroup.com

13  **X     (VIA FIRST-CLASS MAIL):** The envelope was mailed with postage thereon fully prepaid.
14 I am "readily" familiar with the firm's practice of collection and processing correspondence for
mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business.
15 I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date
or postage meter date is more than one day after date of deposit for mailing an affidavit.

16  ___  **(VIA ELECTRONIC MAIL):** I caused a copy of the document(s) to be sent from e-mail
address **jpostolnaia@constangy.com** to the persons at the e-mail addresses listed on the attached
17 Service List.

18  ____  **(VIA FEDERAL EXPRESS (OVERNIGHT DELIVERY):** I enclosed said document(s) in
an envelope or package provided by Federal Express**,** and addressed to the persons at the addresses
19 listed in the Service List. I placed the envelope or package for collection and overnight delivery at an
office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier
20 or driver authorized by Federal Express to receive documents.

21  _____  **(VIA PERSONAL SERVICE):** I caused to be delivered through First Legal Attorney
Services, such document(s) in an envelope to be hand delivered to the person(s) at the address (es) set
22 forth.

23  _X_   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.
24

25      Executed on October 7, 2022 in Costa Mesa, California.

26                                    *Iuliia Postolnaia*
                                      Iuliia Postolnaia, Legal Assistant
27

28

8632422v2                                                          EXH. H - 99

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| JOHN ELLSON | UNION PACIFIC RAILROAD, a Delaware corporation; and DOES 1-50 |

| **(b) County of Residence of First Listed Plaintiff** San Bernardino | **County of Residence of First Listed Defendant** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Alfred Shaumyan (SBN 266908); Aren Derbarseghian (SBN 304530); Amir Abdizadch (SBN 298114); SDA LAW GROUP P.C., 535 N. Brand Blvd, Suite #280, Glendale, CA 91203 Tel: 818.574.0845 | Joanna MacMillan (SBN 281891); Constangy, Brooks, Smith & Prophete LLP, 2029 Century Park East, Suite 1100, Los Angles CA 90067 Tel: 310.909.7775 |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☐ 1. Original Proceeding  ☒ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multidistrict Litigation - Transfer  ☐ 8. Multidistrict Litigation - Direct File

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  **MONEY DEMANDED IN COMPLAINT:** $ Over $75K

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC sections 1132, 1141, 1146. Employment-related action.

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | **TORTS** | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | **PERSONAL PROPERTY** | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 370 Other Fraud | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 371 Truth in Lending | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 380 Other Personal Property Damage | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 385 Property Damage Product Liability | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **BANKRUPTCY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 423 Withdrawal 28 USC 157 | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | **CIVIL RIGHTS** | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 440 Other Civil Rights | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 441 Voting | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☒ 442 Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 443 Housing/Accommodations | ☒ 790 Other Labor Litigation | |
| | | | ☐ 445 American with Disabilities-Employment | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 446 American with Disabilities-Other | | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY:**  Case Number:

**CV-71 (10/20)**  CIVIL COVER SHEET

EXH. H - 100

Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [x] Yes    [ ] No | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | Southern |
| | [x] Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes    [ ] No | | [ ] NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes    [ ] No | | [ ] NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes    [ ] No | [ ] Yes    [ ] No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | EASTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes    [x] No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?  ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  /s/ Joanna E. MacMillan        DATE:  October 7, 2022

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

EXH. H - 101

JOANNA E. MACMILLAN (SBN 281891)
jmacmillan@constangy.com
AYAN JACOBS (SBN 329934)
ajacobs@constangy.com
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendant
UNION PACIFIC RAILROAD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELLSON, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNION PACIFIC RAILROAD, a<br>Delaware corporation; and DOES 1-50,<br><br>        Defendant. | Case No. 5:22-cv-01767<br>*[Removed from San Bernardino County<br>Superior Court Case No. CIVSB2213616]*<br><br>**DECLARATION OF JOANNA<br>MACMILLAN IN SUPPORT OF<br>DEFENDANT UNION PACIFIC<br>RAILROAD'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Defendant's Notice of<br>Removal and Declaration of Lannette Chavez]<br><br>Removal Date:     October 7, 2022<br>Complaint Filed:  June 30, 2022<br>Trial Date:       None Set |

# DECLARATION OF JOANNA MACMILLAN

I, Joanna MacMillan, do hereby declare and state:

1.    I am an attorney with the law firm of Constangy, Brooks, Smith & Prophete, LLP, counsel of record for Defendant Union Pacific Railroad ("Defendant" or "UPRR") in the above-entitled matter.  I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and I am one of the attorneys responsible for representing Defendant in this action.  All of the information contained herein is based upon my personal and first-hand knowledge unless otherwise indicated, and if called and sworn as a witness, I could and would competently testify thereto.

2.    As of the date of this Removal, no other parties and/or defendants have been named or served with a copy of the Service of Process Transmittal Summary, Process Server Delivery Details, Summons, Complaint, and Notice of Trial Setting Conference and Notice of Case Assignment in the above-referenced matter. Defendant also obtained the Certificate of Assignment and Civil Case Coversheet directly from the Court's docket on October 5, 2022. Besides the aforementioned documents, Defendant has not received any other documents filed with the Court, through service or otherwise, prior to the date of removal, *i.e.,* October 7, 2022.

3.    On October 7, 2022, Defendant filed its Answer to Plaintiff's Complaint.

4.    On October 7, 2022, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, I arranged for the service of the Notice to Plaintiff of Removal of Civil Action to Federal Court, together with copies of the Notice to Federal Court of Removal of Civil Action and accompanying declarations, to all adverse parties in the action, namely Plaintiff John Ellson ("Plaintiff"), by causing said documents to be duly delivered by U.S. Mail to Plaintiff's attorney of record.

---

I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct.

Executed this 7th day of October, 2022, at Los Angeles, California.

_____
JOANNA E. MACMILLAN

DECLARATION OF JOANNA MACMILLAN IN SUPPORT OF NOTICE OF REMOVAL

JOANNA E. MACMILLAN (SBN 281891)
jmacmillan@constangy.com
AYAN JACOBS (SBN 329934)
ajacobs@constangy.com
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendant
UNION PACIFIC RAILROAD

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELLSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD, a Delaware corporation; and DOES 1-50,<br><br>Defendant. | Case No. 5:22-cv-01767<br>*[Removed from San Bernardino County Superior Court Case No. CIVSB2213616]*<br><br>**DECLARATION OF LANNETTE CHAVEZ IN SUPPORT OF DEFENDANT UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Defendant's Notice of Removal and Declaration of Joanna E. MacMillan]<br><br>Removal Date: October 7, 2022<br>Complaint Filed: June 30, 2022<br>Trial Date: None Set |

8580310v2          DECLARATION OF LANNETTE CHAVEZ IN SUPPORT OF REMOVAL

## DECLARATION OF LANNETTE CHAVEZ

I, Lannette Chavez, declare as follows:

1.      I am a Paralegal for Union Pacific Railroad Company ("Defendant" or "UPRR").  I make this declaration in support of the Notice of Removal filed by Defendant.  This declaration is based on my personal knowledge and upon my review of business records that are generated and/or maintained by Defendant in the ordinary course of business.  If called and sworn as a witness, I would truthfully testify thereto under oath.

2.      Defendant is now, and was at the time this action was commenced, incorporated under the laws of the State of Delaware.

3.      All of Defendant's high level corporate officers are located in Nebraska, including its Chairman and President and Chief Executive Officer.

4.      The majority of Defendant's executive and administrative functions, including corporate finance, accounting, human resources, payroll, marketing, and legal are directed from its corporate headquarters, which are located in Omaha, Nebraska. Specifically, Defendant's corporate headquarters address is listed as follows: 1400 Douglas Street, Omaha, Nebraska 68179.

5.      Nearly all of the corporate decisions of Defendant—including operational, executive, administrative and policymaking decisions—are made at its Nebraska headquarters.

6.      While Defendant maintains operational facilities in California and other states, its high-level officers direct, control and coordinate the corporation's activities from its corporate headquarters in Nebraska.

7.      I have reviewed relevant application documents which are kept in the scope and course of business by Defendant and determined that Plaintiff John Ellson ("Plaintiff") was never employed by Defendant. However, Plaintiff was contingently offered the position of Freight Care Repair Apprentice in Bloomington, California on

2

DECLARATION OF LANNETTE CHAVEZ IN SUPPORT OF REMOVAL

1  or about September 25, 2021, which was rescinded on or about November 3, 2021. The

2  regular rate of pay offered for this job position amounted to $27.18 per hour. Had

3  Plaintiff worked in this job position, he would have been regularly scheduled to work

4  at least 40 hours a week. Plaintiff also would have been required to be willing to "work

5  on-call, various shifts, 7 days a week, as well as weekends and holidays."  Assuming

6  Plaintiff would have worked, on average, 40 hours a week without overtime, Plaintiff's

7  wages would have amounted to approximately $1,087.20 per week, or $4,348.80 per

8  month.  This amount does not include healthcare benefits, pension, or other benefits

9  Plaintiff would have been entitled to had he been hired for the position. A true and

10  correct copy of the job position Plaintiff applied for is attached hereto as **Exhibit 1.**

11    8. At the time Plaintiff applied for the apprentice job position at UPRR,

12  Plaintiff represented that his address was located in Apple Valley, California.

13    I declare under penalty of perjury under the laws of the United States and the

14  state of California that the foregoing is true and correct.

15    Executed this 6th day of October, 2022, at Omaha, Nebraska.

16

17

18      LANNETTE CHAVEZ

19

20

21

22

23

24

25

26

27

28

EXH. H - 108

8580310v2  DECLARATION OF LANNETTE CHAVEZ IN SUPPORT OF REMOVAL

Exhibit 1



Emergencies:
**1-888-877-7267**

# Job Posting

## "I build the future"

### What will you build?

**View Jobs**

CAREERS                                                        MENU

**Sorry, this job is now closed. To sign up for Notify Me or Find Similar positions, check out the bottom of the page.**

## Apprentice Freight Car Repair

Share:

Department: **Mechanical**

Location: Bloomington, CA

Reference Number: 090628

Closing Date: Apply early as this job may be removed or filled as soon as there are sufficient applicants.

Pay Rate: 27.18 Per Hour

Job Open To: Internal and External Candidates

### Description

Learn about every aspect of inspecting, repairing and rebuilding freight cars during a three-year training program with one of North America's most established railroad companies! As an Apprentice Freight Car Repairer, you'll have the opportunity to work with your hands every day: conducting inspections, performing scheduled and on-demand maintenance, and repairing or replacing defective components on our rolling stock! We are powered by our people, will you join our team?

**Required Certifications:**

For this position, you will be required to become a Union Pacific certified driver during your probationary period. To become certified, you must meet the following Motor Vehicle and Medical Requirements:

1. Must be a minimum of 21 years of age

2. Have valid driver's license

3. Have an acceptable driving record per your Motor Vehicle Record (MVR)

4. You may also be required to obtain your Commercial Driver's License (CDL) if you will be operating a vehicle(s) with a GVWR of 26,000 lbs or greater. If this is required, you will need to obtain your CDL during your probationary period.

**Medical Requirements:**

Must meet the medical requirements (also called physical qualifications) for commercial motor vehicle drivers as specified by the US Federal Motor Carrier Safety Administration (FMCSA). For more information about FMCSA physical qualifications for drivers **click here**. Health and Medical Services at Union Pacific Railroad will make the final determination on whether or not an individual meets the FMCSA medical qualifications, and may add additional medical requirements to assure the person can safety perform job tasks, with or without accommodation.

Internal Only Comments

**Applicable to Internal Employees Only:** Employees wanting to request a transfer to a different work location, please reference Union Pacific's **Intracraft Transfer Policy**. Employees wanting to request a transfer to a position not covered by

EXH. H - 110

their collective bargaining agreement, please reference Union Pacific's **Intercraft Transfer Policy**. An employee must have two years of continuous service in his/her present position/craft in order to apply to transfer under either policy. Furloughed employees are exempt from the two-year rule.

### Accountabilities

Conduct inspections to identify defects, evidence of wear, and damages caused by derailments or collisions

Perform maintenance, including initial terminal air brake tests and other pre-trip inspections

Repair structural components of rolling stock. This may include fabricating, cutting or performing rough finish operations on metal and wood replacement parts, or fastening or assembling car parts by riveting, bolting, or welding

Remove and replace defective components, such as trucks, shoes, coupler assemblies or air brake systems

Clean and prepare surfaces for painting, welding and fabrication

Safely and effectively operate: acetylene torches; non-power tools or hand tools; power tools; electric and gas welding equipment; as well as other shop machines, tools, vehicles and equipment

Communicate with others, verbally and in writing, technical information, job procedure recommendations, and other work-related information

Develop and maintain positive working relationships with coworkers, supervisors, contractors and/or customers and effectively resolve situations that arise

Ensure compliance with all railroad rules and regulations for safety, operations and Federal Railroad Administration (FRA)

Perform other duties as assigned

### Qualifications

#### Required

Valid driver's license

Basic mathematic skills

Ability to read and understand all instructions including operating and safety rules, bulletins, special instructions, and federal regulatory documents

Commercial Drivers License (CDL) Class A or Class B, or can obtain one within your probationary period

Proficient verbal and written communication skills to deliver information to coworker(s) and supervisor(s)

Candidates for this position must pass a pre-employment test in English before being allowed to interview. The number of candidates who pass the test and are granted an interview is based upon hiring needs. Click here to see a sample of the **Carmen & Mechanical Service Operator Test**.

Candidates must qualify on a Physical Ability Test (PAT) prior to employment. Click here for a description of the **Physical Abilities Test**

#### Preferred

Experience effectively operating the following: tools required to repair freight/passenger cars such as 100 ton jacks, air tools, compressors, generators, welders, hydraulic equipment or torches

Experience operating heavy equipment such as construction, farm, etc. (Consider professional, personal, and volunteer experience)

Experience working in an environment that requires you to wear personal protective equipment such as safety glasses, safety boots, hard hats, and hearing protection

Experience working outdoors in variable weather conditions (consider professional, personal, and volunteer experience)

Experience welding or a welding certificate (consider professional, personal, and volunteer experience)

### Physical Requirements

Able to frequently walk and maintain balance on a variety of surfaces and able to make coordinated hand movements to grasp, place, or move objects

Able to remain standing for more than one-half of every work day with an opportunity to periodically change position for comfort

Push and pull objects up to 93 lbs, lift up to 85 lbs, and occasionally bend, stoop, and kneel

Occasionally climb to access cars and work vehicles

### Work Conditions

Willing to work on-call, overtime, various shifts, 7 days a week, as well as weekends and holidays

Willing and able to work in confined and/or small spaces

EXH. H - 111

Willing and able to work around large equipment such as railcars, locomotives and cranes

Work at heights of 18 feet or more

Apply only to those locations where you are prepared to live and work

21 years of age or older

Must not have a current attendance status of 1st Offense, 2nd Offense, or Dismissal under a Union Pacific Attendance Policy

Must not have a current status of Training 1, Training 2 or Dismissal under a Union Pacific MAPS Policy

Benefit information can be found under the Benefits section on up.jobs (https://up.jobs/why/benefits/index.htm)

To the extent required by federal law and/or collective bargaining agreement, membership to the respective labor union is required. The union agreement dictates the pay rate and cannot be individually negotiated. Monthly dues are the responsibility of the employee.

---

**Background**

---

**Medical**

---

**COVID-19:** Union Pacific will comply with all federal executive orders requiring employees to be fully vaccinated or request a medical or religious accommodations. The vaccine requirement is currently suspended pending legal action. Union Pacific will update applicants and employees with any further information.

**Equal Employment Opportunity and Reasonable Accommodation:** Union Pacific supports diversity in the workplace and is an equal opportunity employer here. Union Pacific is committed to creating a diverse and inclusive workforce where equal employment opportunities are available without regard to race, color, sex, national origin, age, disability, religion, military and veteran status, sexual orientation, gender identity, gender expression, pregnancy, or genetic information. Union Pacific strictly prohibits any discrimination or harassment based on protected status. Union Pacific is committed to providing access and reasonable accommodation in its employment of individuals with disabilities. To request a disability accommodation in the application process, please use this link here to submit a request.

Notify Me     Email to Myself     Find Similar

**Featured Jobs**

Loading...

**Back to top**

**Section Menu**

Union Pacific Careers

Why Work Here

Explore Careers

Military

Students

Events

Search Jobs

EXH. H - 112

FAQs

## Quick Links

Home

Safety

Privacy

Contact UP

Search

Feedback

Site Info

Copyright

## Follow Us:

Facebook

Instagram

LinkedIn

Twitter

YouTube

## Emergencies

Report Emergencies - Contact UP Police    1-888-877-7267

JOANNA E. MACMILLAN (SBN 281891)
jmacmillan@constangy.com
AYAN JACOBS (SBN 329934)
ajacobs@constangy.com
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendant
UNION PACIFIC RAILROAD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELLSON, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNION PACIFIC RAILROAD, a Delaware corporation; and DOES 1-50,<br><br>    Defendant. | Case No.  5:22-cv-01767<br>*[Removed from San Bernardino County Superior Court Case No. CIVSB2213616]*<br><br>**DEFENDANT UNION PACIFIC RAILROAD'S CORPORATE DISCLOSURE STATEMENT PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE 7.1**<br><br>Removal Date:    October 7, 2022<br>Complaint Filed: June 30, 2022<br>Trial Date:      None Set |

**TO THE UNITED STATES DISTRICT COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

The undersigned, counsel of record for Defendant Union Pacific Railroad ("Defendant" or "UPRR"), hereby submits its disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

1.     ***The Parent Companies of the Corporation:*** Union Pacific Corporation ("UPC") is the parent company of Defendant UPRR.  UPC does not have a parent corporation.

2.     ***Subsidiaries Not Wholly Owned by the Corporation:*** UPC owns 100% of UPRR's stock.

3.     ***Any Publicly Held Company that Owns 10% or More of the Corporation:*** UPC is a publicly traded corporation and no publicly held company owns more than 10% of UPC.

Defendant acknowledges its continuing obligation to file an amended Disclosure Statement upon discovery of any additional relevant information.


Respectfully submitted,



DATED:  October 7, 2022

                    **CONSTANGY, BROOKS, SMITH & PROPHETE LLP**



                    By: /s/ Joanna E. MacMillan
                        Joanna E. MacMillan
                        Attorney for Defendant
                        UNION PACIFIC RAILROAD

JOANNA E. MACMILLAN (SBN 281891)
jmacmillan@constangy.com
AYAN JACOBS (SBN 329934)
ajacobs@constangy.com
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendant
UNION PACIFIC RAILROAD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELLSON, an individual,<br><br>                Plaintiff,<br><br>        vs.<br><br>UNION PACIFIC RAILROAD, a Delaware corporation; and DOES 1-50,<br><br>                Defendant. | Case No.  5:22-cv-01767<br>*[Removed from San Bernardino County Superior Court Case No. CIVSB2213616]*<br><br>**DEFENDANT UNION PACIFIC RAILROAD'S NOTICE OF INTERESTED PARTIES PURSUANT TO LOCAL RULE 7.1-1**<br><br><br>Removal Date:    October 7, 2022<br>Complaint Filed: June 30, 2022<br>Trial Date:        None Set |

**TO THE UNITED STATES DISTRICT COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

Pursuant to Local Rule 7.1-1 for the Central District of California, the undersigned, counsel of record for Defendant Union Pacific Railroad ("Defendant" or "UPRR"), certifies that the following listed parties may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1.  John Ellson (Plaintiff);

2.  Union Pacific Railroad (Defendant); and

3.  Union Pacific Corporation (Parent Company of Defendant).

Defendant acknowledges its continuing obligation to file an amended Notice of Interested Parties upon discovery of any additional relevant information.

DATED: October 7, 2022

<div align="center">

**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**

</div>

By: /s/ Joanna E. MacMillan
Joanna E. MacMillan
Attorney for Defendant
UNION PACIFIC RAILROAD

JOANNA E. MACMILLAN (SBN 281891)
jmacmillan@constangy.com
AYAN JACOBS (SBN 329934)
ajacobs@constangy.com
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendant
UNION PACIFIC RAILROAD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ELLSON, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNION PACIFIC RAILROAD, a Delaware corporation; and DOES 1-50,<br><br>        Defendant. | Case No.  5:22-cv-01767<br>*[Removed from San Bernardino County Superior Court Case No. CIVSB2213616]*<br><br>**CERTIFICATE OF SERVICE**<br><br>Removal Date:    October 7, 2022<br>Complaint Filed: June 30, 2022<br>Trial Date:       None Set |

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed at the law firm of CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, and my business address is 2029 Century Park East, Suite 1100, Los Angeles, California 90067.

On October 7, 2022, I served a copy of the following:

**1. DEFENDANT UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332, 1441, & 1446;**

**2. DECLARATION OF LANNETTE CHAVEZ IN SUPPORT OF DEFENDANT UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL;**

**3. DECLARATION OF JOANNA MACMILLAN IN SUPPORT OF DEFENDANT UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL;**

**4. CIVIL COVER SHEET;**

**5. DEFENDANT UNION PACIFIC RAILROAD COMPANY'S CORPORATE DISCLOSURE STATEMENT PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE 7.1;**

**6. DEFENDANT UNION PACIFIC RAILROAD COMPANY'S NOTICE OF INTERESTED PARTIES PURSUANT TO LOCAL RULE 7.1-1.**

on the interested parties in this action as follows:

SDA LAW GROUP P.C.              *Attorneys for Plaintiff*
Alfred Shaumyan, Esq.           *JOHN ELLSON*
Aren Derbarseghian, Esq.
Amir Abdizadch, Esq.
535 N. Brand Blvd, Suite #280
Glendale, CA 91203
Tel: 818.574.0845
Fax: 818.936.9696
alfred@sdalawgroup.com;
aren@sdalawgroup.com;
amir@sdalawgroup.com

☑ **BY MAIL:** By placing same, with postage fully prepared, in the United States Mail, addressed as indicated below. I am readily familiar with the practices of these law offices for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service in the same day in the ordinary course of business.

__ **BY CM/ECF FILING:** Submitting an electronic version of the document(s) via portable document format (PDF) to the court at http://ecf.cacd.uscourts.gov. Service will be deemed effective as provided for by General Order 10-07 of the District Court of California, Central District..

**STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 7, 2022 at Los Angeles, California.

*Iuliia Postolnaia*
Iuliia Postolnaia, Legal Assistant

CERTIFICATE OF SERVICE                          EXH. H - 119